The issue in this case resolves to whether the state has met its burden of proving, by clear and convincing evidence, that appellant is likely to engage in future sexually oriented offenses. In an attempt to meet this burden, the state presented evidence only as to the underlying offense for which appellant was convicted in 1988 — copies of the indictment, the entry of guilty plea form, the sentencing entry, and the presentence investigation report. The state presented no other evidence on the issue of appellant's propensity to commit sexually oriented offenses in the future. While appellant's past behavior may be indicative of his propensity to commit sexually oriented offenses in the future, his conviction for a past sexually oriented offense does not necessarily lead to the conclusion that he is a sexual predator. State v. Baughman (May 4, 1999), Franklin App. No. 98AP-929, unreported (1999 Opinions 1032, 1039). ("Had the legislature intended to rely solely on the underlying offense in sexual predator determinations, it would have done away with the sexual predator determination hearings and simply classified any person committing a sexually oriented offense as a sexual predator"). A trial court may not adjudicate an offender as a sexual predator solely on facts arising from the underlying incident. Id., citing State v. Ward (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
The only evidence presented as to appellant's future propensity to reoffend was introduced by appellant, who is under no burden to prove that he is not likely to commit future sexually oriented offenses. That evidence established that appellant is at a low risk to reoffend. Because the state failed in its burden of proving, by clear and convincing evidence, that appellant is likely to engage in future sexually oriented offenses, I agree that the trial court's finding that appellant is a sexual predator was erroneous.